Good morning, and may it please the Court, Ian Silverberg on behalf of the appellant Christine Novicio. The appellant in this matter is a citizen of the United States, and she brought this matter into district court challenging the constitutionality of Section 204C of the Immigration and Nationality Act. That is the immigration marriage fraud provisions that state if an alien is ever found to have obtained immigrant status based on fraud, marriage fraud, that that alien is forever barred from seeking any immigration benefit. That's what happened with the appellant's husband in a previous marriage. He was found to have committed marriage fraud. Ms. Novicio, the U.S. citizen, married Arnolfo, and she petitioned for him. And the petition was initially granted and then revoked when the service had found out that he had admitted in a previous marriage that he had committed marriage fraud. So there's no appeal from that decision. It's a forever bar. So we brought this matter on behalf of the appellant in the district court challenging the constitutionality of that section. So the main problem for you seems to be this Fialo case, which suggests, indicates where there's a facially legitimate and bona fide reason, there's no constitutional violation, so very deferential to Congress's immigration determinations. Why doesn't that resolve the case? Thank you, Your Honor. And I believe that is the main issue. Fialo, I think it's important to note, and the court in Monwari, which I know is not binding on this court, but provides an excellent analysis of why Fialo does not apply in this case. Fialo says that if Congress sets forth substantive classes of people who are eligible, that they're entitled to that deference. But procedurally, if there are procedures provided, that those need to comport with due process. Now, Monwari was a different statute where the Monwari court seemed to perceive the two-year delay statute as a procedure for determining whether the marriage was genuine or not. But we don't have that in this case. This is just a total and permanent bar. Why is it procedural at all? Well, and, Your Honor, because 8 U.S.C. 1154 grants a citizen the opportunity and they have a statutory right to apply for an alien based on a marriage. Now, based on that, excuse me, based on that right that they have, a statutory right, that cannot be deprived without some form of due process. And there is none in this case, as the court correctly notes. What process is your client due? She is due at least a hearing, Your Honor, at a minimum. Now, there's a case cited by you. A hearing before what? I'm sorry? A hearing before what? A hearing before some sort of a tribunal to show the bona fides of her marriage, excuse me, because she does have the right to both a statutory right to petition and a First Amendment right to be with the husband of her choosing. What if her husband had been put in jail? That would certainly put a crimp in the marriage. Right. And I think that's an excellent question. There are certainly criminal bars, unlike the marriage fraud bars. But just because your spouse is going to jail and it puts a crimp in the marriage doesn't mean that you're entitled to a hearing on the bona fides of the marriage or that you've got a due process challenge to the criminal statute because it interferes with your right to marry. I understand that, Your Honor, but a person presumably goes to jail on a completely separate matter having violated some penal code section or criminal law matter, and that would. And that's certainly an independent one. It's independent from the marriage. But, two, there is a hearing on that. You get to go to court, determine your guilt and your innocence. So there is some sort of hearing to determine whether or not that person should go to jail. Here under 204C, there is nothing. Is your client – I didn't see in your briefing that there was an argument about the marriage fraud. I mean, he was determined to have engaged in marriage fraud. It has nothing to do with the bona fides of his marriage to this person, to your client. That's exactly right, and that is the whole point. So why isn't that like what Judge Bivey was saying, like a separate criminal offense? It was a determination that he had violated the statute. He had committed marriage fraud. And the penalty under the Immigration Act is he's out. Right. And I understand that argument. So why isn't that exactly the same as what Judge Bivey was suggesting? Because right now we're looking at the rights of a United States citizen, not the rights of the alien. I agree that when we're considering the rights – The right that you're arguing for is the right to have her husband in the United States, notwithstanding the fact that he's violated our laws. No. I'm arguing for the fact that – for the proposition that he should have a hearing on that as to the bona fides of the marriage. Well, he's had a hearing. He had a hearing on the fraud question. That was a previous marriage, but now we're talking about the rights of this U.S. citizen who has a statutory right to petition for the husband of her choosing, and should – and based on that, she should not be deprived that statutory right without some sort of a hearing. Well, she can have the husband of her choosing. She just may not be able to have him present in the United States any more than she can have the husband of her choosing and have him free from jail. I understand that, Your Honor. And I think that, again, that is a – and that's in the Montgomery Court as well argued that the court set forth that it is a very serious impediment to the marital relationship to say, well, you can be married, but you either have to leave the United States or you can't be with your husband. It's an impediment, but is it a constitutional deprivation? That's the issue. I believe it is, Your Honor, because it's taken away from my client, the appellant U.S. citizen, in this matter, without ever having the opportunity to present the bona fides of her marriage. So, yes, as to the alien, there's great deference. But as to the U.S. citizen here who has a statutory right to petition, she should at least have a hearing on the bona fides of that marriage as opposed to a blanket ban, you never get to hear this issue. She certainly, at the time of the marriage, the marriage was 2003. I believe so, Your Honor. Yes. 2003, she certainly is on notice as to what the fraud, the marriage fraud laws are in the United States, right? That law's been around for a long time. So she's presumed to know that law. And it's not unreasonable for us to think that she's presumed to know the criminal or fraudulent history of her husband. Why all of a sudden is the Constitution, or why are we responsible for making this marriage work? She married a guy who she knew was an alien and presumably at least had very close access to knowing that he had committed marriage fraud previously in the United States and therefore was not eligible to remain here. And I'm certainly willing to concede for purpose of this argument that she knew all of that. And I don't think it's relevant to her constitutional right both under the First Amendment and the Due Process Clause to at least have a hearing on this issue. There are all kind of other immigration provisions, criminal aliens, certain criminal aliens that have various waivers that the U.S. citizen can apply for, hardship waivers for much more, we would argue most likely, more serious offenses, criminal offenses. This is not a criminal offense. Counsel, so if there were a hearing on the bona fides of this marriage, what would that accomplish if he still barred from remaining in the United States because of his previous marriage fraud, what would that hearing accomplish? Your Honor, I would hope that it would accomplish a showing that this marriage is valid and what we're urging, what I'm urging the Court to do is to strike down 204C as it applies to U.S. citizens. Certainly if we don't deal with 204C, then that hearing is not going to accomplish very much. I would have to agree with the Court on that. Counsel, doesn't your argument depend on finding a constitutional right to an I-130? And I don't mean a right under the statutory scheme. I mean an inherent substantive due process right to have one's spouse, even if they're an alien, admitted to the United States notwithstanding any of the laws enacted by Congress. You don't have the right to have that. I agree if the Court is saying that you don't have that right absolutely to have your spouse here no matter what that alien spouse may have done. That is certainly not the law. But even in the case of aggravated felonies under the Immigration Act, there's a there's an opportunity and there are waivers. And in this marriage fraud provision, which does implicate the First Amendment, there's absolutely nothing. Well, I want to go back to Judge Rawlinson's question. What would you do with the hearing? Again, without addressing 204C, the hearing would be a hollow exercise. But, I mean, if you – I give you a hearing, what would you tell us? That the marriage is bona fide and that this – It's terrific. He's engaged in marriage fraud, and under the rules established by Congress, he is not eligible for an I-130 notwithstanding the bona fides of the marriage. Right. And under – and I believe that 204C conflicts directly with the appellant's right to marry and to be with the husband of her choosing. And I think that's the whole problem here. And that we can't deal with that hearing that I would like to have, but without addressing whether 204C is constitutional. I don't believe that Fialo controls in this matter, much as the court in Manuari – excuse me – rejected the application of Fialo in this matter. And I see my time is up, unless the court has any further questions. Thank you, counsel. Thank you. We'll hear from the government. Good morning, Your Honors. May it please the Court, my name is Jessie Carlson. I represent the government in this case. Your Honor, the district court did not err in granting the government's motion to dismiss Ms. Novicio's complaint for failure to state a claim. As I'll discuss in more detail, Ms. Novicio failed to state a claim that, first, the application of 204C deprived her of her right to marry. She was married to the – to Mr. Novicio the entire time prior to – in fact, she had to be married to him in order to petition for him. And, secondarily, we believe that Section 204C is constitutional, and there are – The government doesn't concede the bona fides of the marriage, right? I mean, the government doesn't contest the bona fides of the marriage. Certainly not, Your Honor. The – whether or not the marriage between Mr. and Mrs. Novicio is bona fide is not the issue here. The issue is that Mr. Novicio previously admitted to committing marriage fraud in a previous marriage. So that issue is not relevant here. So the fact that opposing counsel is making – you know, making an issue of the fact that a no hearing was provided regarding the bona fide nature of their marriage really doesn't come into play with regard to the statute. The statute would apply regardless. In fact, in this instance, there was an opportunity for Ms. Novicio to appeal – file an administrative appeal of the denial of the I-130, and she did not exercise that right. So to the extent any hearing should have been afforded or further judicial review, she didn't pursue that avenue in this case and then let the deadline pass on that. I think you clarified that we would have to strike down the statute. What's your response to that? Your Honors, we believe that the statute is – well, first of all, Ms. Novicio hasn't asserted any kind of liberty interest in the right to have this petition granted. She has no constitutionally protected interest in the statutory provision. And certainly she has – that she didn't even have standing. The – it seems like that statute certainly puts a burden on the marriage right. Even though she's married, it burdens that right because he can't be in the United States. But for Fialo, why wouldn't we have to give that statute the sort of scrutiny that – that appellant is asking for? Your Honor, I think with regard to standing, it's important to clarify. I think the argument that the government would make with regard to standing for Ms. Novicio would be any standing to challenge any kind of removal order or anything that would be – pertain to her husband's removal proceedings. As far as challenging the denial of I-130, the government would not contest standing in that regard. How about challenging the constitutionality of the statute? Certainly she can challenge the constitutionality. The government believes that challenge is inappropriate and fails under the deferential standard of review that is generally afforded to immigration statutes. Certainly the Fialo case provides for that basis and examines that more closely. Congress has given – or the Constitution, rather, has given Congress a plenary authority to administer statutes that sometimes are harsh and do – do involve a situation like this where you have a permanent bar based on the congressional desire to prevent immigration fraud. In this case, as I mentioned before, she doesn't – Ms. Novicio doesn't have a liberty interest or a right to have her spouse remain in this country. Certainly we don't dispute that she has a fundamental right to marry the person whomever she would like to marry. What she does not have a right to is have that marriage – have that individual remain in this country or a right to be married in a particular place. There, you know, are many other instances where that marriages can be infringed upon. I think that already reference was made to situations where a spouse might be incarcerated. Certainly as long as the initial act of marriage has been afforded, in this case that has been, there's been no infringement, like in other cases, Zablocki and other cases that address this issue where the main issue is whether or not the individual is able to even marry somebody. Here, that's not an issue. The marriage has taken place, and to my knowledge, they're still married, have been for several years. So we don't dispute that fundamental right. Now, even if this Court were to conclude that her right to marry has been infringed upon, we think that Section 204C does fail because it is constitutional. And while this Circuit hasn't opined on that yet, other Federal courts have found 204C to be constitutional, and as I mentioned before, they employed the deferential standard of review that the government believes is appropriate in this situation for the substantive immigration statute that we're dealing with. Another leading case in the Federal courts on this is Barmo v. Reno, which was a district court case, which had facts very analogous to this one. And in that case, the district court granted the government's motion to dismiss, holding that 204C was subject to the deferential standard of review applicable to immigration statutes. Similarly, in Bangura v. Hansen, which is a Sixth Circuit case, the Court, again, found that 204C easily withstands the deferential standard of review that it should be provided in this case, and concluded that the statute was conceivably related to a government interest, and that the Court should uphold its constitutionality, even assuming plaintiffs have established that it interferes with their right to marry. So counsel, opposing counsel relies heavily on the Manwani case. That's right. Why shouldn't we be persuaded by the analysis in that case? Your Honor, the Manwani case deals with an entirely different provision, statutory provision. And it really, the brief that the Petitioner in this case has filed really relies heavily and completely on that case, but that case has been rejected by almost every other court that's looked at it. Certainly no circuit has adopted the rationale that has been espoused in that case. And we don't believe, it's been referred to as dubious authority, in fact, by another Federal court, because it relied on opinion that's been withdrawn and vacated as moot. So to the fact, to the extent that that case is being relied on, we don't believe it has precedential value here. Now, certainly looking at the immigration amendments that it involves, they impose a two-year foreign residency requirement on individuals who are, who get married while they're actually involved in removal proceedings already. So unlike the two-year departure requirement, Section 204C, is based on a marriage that has already occurred. In fact, it's based on a fraudulent marriage that has occurred. So the fraud has already been demonstrated. The other provisions seem to address a situation where Congress is trying to prevent immigration fraud, which might be more likely when an individual gets married while the alien they're marrying is in removal proceedings. So despite the differences in the provisions, virtually every court that has addressed the question, even with regard to these immigration amendments, has applied the deferential standard of review for those amendments as well, except Manwani, which is really an outlier and really has not been carried on. And Manwani suggests that if the statute is procedural, then we don't look at Fiala. We look at Matthews v. Eldridge. Is that wrong? Well, I think in this case, 204C, this isn't a procedure. We would contend that this is not really a procedural issue. 204C is a substantive immigration statute. Certainly in this instance, the Ms. Noviccio has not asserted that her procedural rights, I mean, there's been no procedural deprivation of rights here. She's been afforded the opportunity to petition for her spouse. Unfortunately, a person in her situation with a spouse who has committed prior marriage fraud, the petition cannot and will not be approved because of this statutory bar. So there's been no impediment on her procedure to actually try to seek this benefit. And certainly there are other avenues that she could have sought for judicial review that were not exercised as well. So in closing, basically, Your Honors, the government believes that this statute is indeed constitutional, and we don't believe that Ms. Noviccio's fundamental right to marry has been infringed upon. And we request that the court uphold the district court's decision dismissing Ms. Noviccio's case for failure to state a claim upon which relief can be granted. I think there, as far as some of the other comments that were made by opposing counsel here, as I mentioned before, this statute has not deprived any right to petition. There really hasn't been anything deprived here. It's just a very strict statute passed by Congress, which, you know, in this instance, when you have somebody who's admitted to marriage fraud, comes into play. Thank you, counsel. Thank you, Your Honors. We'll give you one minute for rebuttal, counsel, if you'd like. Thank you very much, Your Honor. As to your question, Your Honor, about whether this is substantive or procedural based on Manwari, I believe that Manwari had no problem ruling that the previous section, 205, which imposed the two-year ban, was procedural in nature. And I believe that this 204C would also be, and as much as it deals with the exact same type of issues, is also procedural in nature, and that Matthews v. Eldridge is, in fact, the controlling law and not Fiala. Thank you for the opportunity. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the Court. The next two cases, United States v. Ross and United States v. Varela, have been the United States v. Lopez. Counsel, please approach.
judges: Rawlinson, Bybee, Ikuta